## MANUFACTURERS' CASUALTY INS. CO. v. UNITED STATES.

### No. 45883.

Court of Claims.

Jan. 7, 1946.

---

6 Langevin v. United States, 100 Ct.Cl. 15, 31.

P. J. J. Nicolaides, of Washington, D. C. (William F. Kelly, of Washington, D. C., on the brief), for plaintiff.

Brice Toole, of Washington D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and JONES, Judges.

WHITAKER, Judge.

Plaintiff was the surety on the payment and performance bond of the Merando Company, which had a contract for the erection of an addition to the Neuro-psychiatric Ward of Walter Reed General Hospital in Washington, D. C. It paid subcontractors and materialmen a total of $34,461.17 on account of the contractor's default. It has been reimbursed to the extent of $14,047.30, resulting in a net loss to it of $20,413.87. It brings this suit alleging that defendant has unlawfully deducted from the amount due the contractor the sum of $3,120 in liquidated damages.

It first says that the contracting officer wrongfully failed to act upon the contractor's application for an extension of time and that the contractor was justly entitled to the extension under the terms of the contract. Secondly, it says that the Comptroller General erroneously deducted liquidated damages in accordance with the invitation for bids rather than in accordance with the terms of the contract it entered into.

1. At the same time the contractor was performing its work under its contract, another job was going on at the same time on the grounds of the Walter Reed Hospital. The Merando Company ran an "open shop," but on the other job only union labor was employed. On this other job these laborers struck on account of a jurisdictional dispute between the unions. As a result the grounds of the Walter Reed Hospital were picketed and no union man whose union was affiliated with the striking union was permitted to enter the hospital grounds. As a result the contractor was much inconvenienced and considerably delayed in securing deliveries of necessary materials.

The contracting officer recognized that the contractor was probably entitled to an extension of time on account of this strike, and on his own initiative wrote the contractor to know to what extent it had been delayed by the strike. The contractor first requested 10 days' extension of time on this account. The contracting officer did not act upon this request, but inquired whether or not any further extension of time would be requested on this account. Thereupon the contractor wrote the contracting officer in detail complaining of the delays due not only to this strike but to delays in securing priorities resulting in tardy delivery of materials. In this letter it requested an extension of time of 30 days on account of the strike.

For some reason the contracting officer never acted upon this application.

The contract provides that the contractor shall not be charged with liquidated damages because of unforeseeable causes of delay, including strikes, and it provides that the contracting officer "shall ascertain the facts and the extent of the delay and extend the time for completing the work when in his judgment the findings of fact justify such an extension." This, of course, makes it mandatory upon the contracting officer to make findings of fact upon an application for an extension of time and to grant or refuse the extension. His failure to do so is a breach of the obligation cast upon him and justifies this court in remitting liquidated damages deducted to the extent of any extension of time that should have been granted by the contracting officer.

The commissioner of this court has found that the contractor was delayed 8 days by this strike. Plaintiff excepts thereto, but it does not refer the court to portions of the record it relies upon to support its exception. This fails to comply with rule 46 of this court and, hence, the exception is disallowed and the commissioner's

finding has been adopted as the finding of the court. See Schmoll, Assignee, et al. v. United States, Ct.Cl., 63 F.Supp. 753.

An extension of time of 8 days should have been allowed by the contracting officer. Liquidated damages at $20 a day for 8 days amount to $160. This amount was erroneously deducted and plaintiff is entitled to recover this amount.

2. The contractor was 126 days late in completing building A, and 132 days late in completing building B. The invitation for bids provided: "Liquidated damages for delay will be Twenty Dollars ($20.00) for each building * * * per calendar day of delay * * *." However, this invitation for bids was not made a part of the contract, and the specifications, which were made a part of the contract, provided that liquidated damages should be in "the amount of Twenty Dollars ($20.00) for each calendar day of delay until the work is completed or accepted * * *."

■ The contracting officer deducted liquidated damages at $20 a day from the time the contract was due to be completed until the time it actually was completed. This was in accordance with the terms of the contract. The Comptroller General, however, deducted liquidated damages in accordance with the invitation for bids, but the contract did not follow the invitation for bids and it is, of course, the contract, and not the preliminaries to its execution, that governs the rights of the parties. Callahan Construction Co. v. United States, 47 Ct.Cl. 177.

However, the contracting officer inadvertently deducted liquidated damages for only 126 days' delay, but building B was not completed until 132 days after the contract completion date. The total delay, therefore, is 132 days, for which time liquidated damages should be deducted. This, however, is subject to the reduction of 8 days, for which time we have held the contracting officer should have granted an extension of time.

Liquidated damages for 258 days were deducted, whereas they should have been deducted for 124 days. It results that plaintiff is entitled to recover from the defendant the sum of $2,680 liquidated damages erroneously deducted for a total of 134 days.

■ Since it appears that plaintiff under its payment bond has paid subcontractors and materialmen a sum far in excess of this amount, and that it has not been reimbursed therefor, it is subrogated to the rights of the Merando Company as to the overcollection of liquidated damages in the amount of $2,680. Judgment will, therefore, be entered in its favor for this amount.

It is so ordered.

MADDEN, Judge, took no part in the decision of this case.